IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

WYNNE LEAL                                                                                                    PLAINTIFF

vs.                                          Civil No. 2:12-cv-02136

CAROLYN W. COLVIN                                                                                        DEFENDANT
Commissioner, Social Security Administration

### REPORT AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pending now before the Court is Plaintiff's Motion and Application for an Attorney Fee under the Equal Access to Justice Act ("EAJA"). ECF No. 15. Defendant responded to this Motion on September 25, 2013 and claims it should be denied because it is untimely. ECF No. 18. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable P. K. Holmes, III referred this Motion to the Court for the purpose of making a report and recommendation. In accordance with that referral, the Court enters the following report and recommendation.

An EAJA application must be made within thirty days of a final judgment in an action, *See* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty-day time for appeal has expired. *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993). In the present action, the judgment in this action was final on May 21, 2013. ECF No. 14. Plaintiff was then required to file a motion requesting attorney's fees within thirty days after the sixty-day time for appeal expired or by August 19, 2013. On September 18, 2013, four months or 120 days after this final judgment, Plaintiff filed the current EAJA motion. ECF No. 15. Plaintiff's Motion was filed thirty days late. As such, Plaintiff's Motion is untimely.

Because Plaintiff did not timely file his EAJA Motion, it should be **DENIED.**

**The parties have fourteen (14) days from receipt of this Report and Recommendation**

in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.  *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**ENTERED** this **8th** day of October 2013.

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE